UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GUNASHANKAR SELVARAJ REVATHI
GUNASH,

      Plaintiff,

      V.

TRAVCO INSURANCE COMPANY,

      Defendant.

No. 26 CV 978

Judge Manish S. Shah

**ORDER**

Defendant's motion to dismiss, [10], is denied.

**STATEMENT**

Plaintiff Gunashankar Selvaraj Revathi Gunash had a written homeowner's insurance policy with defendant TravCo Insurance Company when a storm damaged his house in August 2024. Gunash filed a two-count complaint against TravCo arising out of defendant's denial of his insurance claim: breach of contract under Section 155 of the Illinois Insurance Code (Count One), and ordinary breach of contract in the alternative (Count Two). [1-1].* TravCo moves to dismiss the Section 155 count. [10].

Federal Rule of Civil Procedure 12(b)(6) governs dismissals based on failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint's sufficiency, courts "accept as true all well-pled facts and make any reasonable inferences in the non movant's favor." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022).

---

* Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The court has subject-matter jurisdiction over this case because plaintiff is a citizen of Illinois, defendant is a Connecticut corporation with its principal place of business in Connecticut, and the amount in controversy exceeds $75,000. [1] ¶¶ 5–7. The parties agree that Illinois law applies. [10] at 1; [13] at 2. The facts are taken from the complaint, [1-1].

However, I disregard "[t]hreadbare recitals" supported only by conclusory statements. *Iqbal*, 556 U.S. at 678.

In August 2024, a hailstorm damaged plaintiff's home, including the shingles, roofing, and siding. [1-1] ¶ 6. At the time, his homeowner's insurance policy issued by defendant was in full force and effect. [1-1] ¶ 5. Gunash made a claim to TravCo, but his claim was denied. [1-1] ¶ 7. Gunash retained a construction company to conduct repairs, but TravCo similarly denied the estimate. [1-1] ¶¶ 8–10. According to plaintiff, in defendant's letter denying his claim, TravCo cited specific policy provisions that were not applicable to plaintiff's situation. [1-1] ¶ 11.

Plaintiff brings two nearly identical claims. Count One is a Section 155 claim for vexatious and unreasonable handling of an insurance claim. [1-1] ¶¶ 12–25; 215 ILCS 5/155. Count Two alleges breach of contract. [1-1] ¶¶ 26–37. An insurer's conduct may give rise to both a breach of contract action and a separate and independent tort action. *Cramer v. Ins. Exch. Agency*, 174 Ill.2d 513, 527 (1996). Section 155 of the Illinois Insurance Code allows an insured to recover attorney's fees and extracontractual damages if an insurer's actions in response to a claim are "vexatious and unreasonable." *Id.* at 519. The statute provides a remedy for tortious conduct by an insurer.

But mere allegations of bad faith or unreasonable and vexatious conduct, without more, do not constitute such a tort. *Id.* at 527. Section 155 damages may not be awarded if "(1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (citations omitted).

Defendant argues that dismissal of Count One is appropriate because plaintiff has failed to allege any conduct that would support a finding of bad faith on the part of TravCo. [10] at 4. TravCo cites several cases from this district dismissing a Section 155 claim for failing to allege facts supporting the plaintiff's conclusory allegation that an insurer acted vexatiously and unreasonably. [10] at 3–4.

I conclude that plaintiff has pled sufficient facts to state a claim under Section 155. Gunash alleges that TravCo cited inapplicable policy provisions to justify incorrectly denying his claim. [1-1] ¶ 11. Drawing all reasonable inferences in favor of plaintiff, he has adequately alleged that TravCo established a pretext for denying coverage. *See, e.g.*, *NM Cap. LLC v. Fid. & Guar. Ins. Co.*, 2024 WL 2801652, at *4 (N.D. Ill. May 31, 2024). Further, this fact is sufficient to place defendant on notice for the precise behavior he alleges was vexatious and unreasonable. While defendant may ultimately be able to establish that its position was based on a bona fide coverage

dispute, such a conclusion is not appropriate at the motion to dismiss stage of this case. Defendant's motion to dismiss Count I of the complaint, [10], is denied.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: June 25, 2026

3